EMHART CORPORATION *v.* TOWN OF WEST HARTFORD

COURT OF COMMON PLEAS     HARTFORD COUNTY     FILE No. 94075

Memorandum filed December 30, 1968

*Day, Berry & Howard,* of Hartford, for the plaintiff.

*Samuel S. Goldstein,* corporation counsel, and *Peter M. Conroy, Jr.,* assistant corporation counsel, for the defendant.

HAMILL, J.   This is an appeal from the action and ruling of the board of tax review of the town of West Hartford in refusing to exclude from the assessment list certain personal property imported from Sweden.   It is the claim of the plaintiff that such assessment and tax are illegal as constituting

a duty on imports in violation of the United States constitution, article 1, § 10, clause 2.

The parties have filed a stipulation of facts which recites that the plaintiff imports parts, replacement parts and subassemblies for use in glass machinery from Sweden; that such are received in eight weeks or less from the date of order; that such are ordered for resale as parts to customers or for use in the plaintiff's manufacturing; that such are received in closed wooden boxes; that even if such are ordered for intended use in manufacturing, sales as replacement parts to customers have priority; that, upon arrival, the imports are delivered to the plaintiff's No. 3 plant in Hartford where they are spot checked, usually inspected and "cleared" by customs officials; that then or later they are also inspected by employees of the plaintiff to verify contents; that after such inspections, the part or subassembly is immediately restored to the original box and nailed shut; that after custom's clearance, the original full boxes are sent to plant No. 5 warehouse and retained in inventory; that occasionally boxes are unpacked at plant No. 3, but the plaintiff does not dispute the assessment on these; and that the portion of its inventory at plant No. 5 for which the plaintiff claims exemption from taxation consists of only those full boxes which are intact as an import and which are held for sale and those full boxes which are intact as an import and which will not be used in the manufacturing process within two months. It is stipulated that, if the plaintiff prevails, interest is waived and the plaintiff will be entitled to a refund in accordance with the "Tables" attached to the stipulation of facts.

It has long been the law that while foreign imports remain the property of the importer, in his warehouse, in the original package, a state tax on

them is illegal. *Brown* v. *Maryland,* 25 U.S. (12 Wheat.) 419. More recently, it has been held that such immunity from taxation continues until the imports are sold, removed from the original package, or put to the use for which they are imported. *Hooven & Allison Co.* v. *Evatt,* 324 U.S. 652 (1944).

Since it is stipulated that the plaintiff has imports for sale only in the sum of $120,579 which are in the original package in its warehouse and are still the property of the plaintiff and which have not been put to the use for which they were imported, the plaintiff is entitled to a refund of the tax paid in the sum of $3083.81, on the imports held for sale only.

A portion of such imports, however, are held not for sale but to be used in manufacture by the plaintiff. With respect to goods imported for manufacture, the cases have qualified the basic rule and permitted taxation of imports though still as originally packaged, and owned by the importer, if they are committed for use in manufacture and are required for current operational needs. *Youngstown Sheet & Tube Co.* v. *Bowers,* 358 U.S. 534. Further, the trend seems to be to measure what is required for current operational needs by the length of time required to replenish the supply. *Denver* v. *Denver Publishing Co.,* 153 Colo. 539; *Orr Felt & Blanket Co.* v. *Schneider,* 3 Ohio St. 2d 14. Since it is stipulated that the amount of time required for delivery after order is eight weeks, and since it is also stipulated that imports for manufacture constituting a two months' supply amount to $4644, the tax in the sum of $118.70 is upheld, and the tax on the balance is ordered refunded.

In view of the foregoing, the appeal is sustained, and, having in mind the stipulation, the defendant is ordered to refund to the plaintiff the total sum of $4449.82.